# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

---

### EPITOMIZED OPINIONS
### Published only in the Abstract

---

No. 998

DONNELLY CO. v. FIDELITY &
CASUALTY CO.

Ohio Appeals, 9th Dist., Lorain Co.

167. BONDS (Appeal)—An appeal bond conditioned that the appellants "will prosecute their appeal to effect and without unnecessary delay," is not without consideration and void where an attempt was made to perfect the appeal and thereby the appellee was prevented from issuing execution to collect the judgment, even though on motion of appellee the appeal was dismissed for want of jurisdiction.

WASHBURN, J.

The Donnelly Co. in the Lorain Municipal Court obtained a judgment against Abraham Goldberg. The Fidelity & Casualty Co. issued to Goldberg an appeal bond. Appeal was taken to the Lorain Common Pleas where a motion to strike such action from the files for want of jurisdiction was sustained.

The action herein was instituted by the Donnelly Co. in the Lorain Common Pleas to recover the amount of the appeal bond from the Casualty Co., upon the ground that the stay of execution kept them from levying on their judgment and that after the appeal was dismissed, Goldberg had so disposed of his property that their judgment in the Municipal Court was worthless because there was nothing on which to levy execution. A demurrer was filed to the above and was sustained upon the justification that inasmuch as the Common Pleas had no jurisdiction over the appeal, the appeal bond was inoperative, there being no consideration for same, it being a mere nullity and the Casualty Co. was not liable. The Donnelly Co. not wishing to plead further judgment was rendered against them and they prosecuted error, the Court of Appeals holding:

1. Although there are two kinds of authority, the one holding that where no Appeal can be taken lawfully, a bond given is without consideration and is therefore void. The other, that even where there is no legal right to appeal, the bond given is an attempt to appeal, but is valid and enforceable.

2. The second authority is predicated on the theory of estoppel, the courts holding that where a bond has subserved one or more of the purposes for which it is given, the appellant has had the benefit thereof.

3. The principle underlying this second line of authority is based upon the ground that if there is no statutory bond, there is a common law obligation which if based upon consideration, by virtue of giving the bond and in attempting to perfect an appeal, the appellant is estopped to deny the fact that the case was not appealed.

4. In the case at bar, there are additional facts alleged in the petition and admitted by the demurrer which establish beyond peradventure a consideration for the bond, and which justify the application of the doctrine of estoppel.

5. The facts are that Goldberg by signing the bond and paying a premium for it, prevented the Donnelly Co. from obtaining execution until after said appeal had been dismissed and the judgment debtor had disposed of all his property upon which execution could be levied and thereby preventing the Donnelly Co. from realizing on its judgment.

6. For these reasons there was sufficient consideration to support the contention of the Donnelly Co. and judgment will therefore be reversed and the cause remanded.

Judgment reversed.

(Pardee, PJ., Funk, J., concur.)

Attorneys—G. A. Resek, Lorain, for Donnelly Co.; Howell, Roberts & Duncan, Cleveland for Fidelity Co.